**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRIENDS OF ANIMALS,<br>777 Post Road, Suite 205<br>Darien, CT 06820<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF LAND<br>MANAGEMENT, an agency of the United<br>States, 1849 C Street NW, Rm. 5665<br>Washinton DC 20240<br><br>    Defendant. | Civ. No. _____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**INTRODUCTION**

1. Plaintiff, Friends of Animals, brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* Specifically, Friends of Animals challenges the failure of the Defendant United States Bureau of Land Management (BLM) to provide responsive documents within the time required under FOIA for four FOIA requests for documents relating to wild horses and burros (collectively, "Requests").

2. First, on  February 23, 2024, Friends of Animals submitted a FOIA request to BLM for copies of documents and records held by BLM relating to National Pollutant Discharge Elimination System (NPDES), discharges, and incidents from off-range wild

1

horse and burro corrals ("ORCs") (Control Number: 2024-000420) (hereinafter "ORC Pollution and Incidents Request").

3.    Second, on May 14, 2024, Friends of Animals submitted a FOIA request to BLM for copies of documents and records held by BLM from November 19, 2019 through the date the FOIA request is fulfilled relating to the Twin Peaks Heard Management Area (HMA) and BLM's April 18, 2024 Determination of NEPA Adequacy (DNA) and Decision Record for the Twin Peaks Wild Horse and Burro Gather Plan (Control Number: DOI-BLM-2024-000746) (hereinafter, "Twin Peaks 2024 DNA Request").

4.    Third, on May 14, 2024, Friends of Animals submitted a FOIA request to BLM for copies of documents and records held by BLM relating to wild horse and burro deaths at off-range corrals (ORCs) and off-range pastures (ORPs) from March 1, 2023, through the date that the FOIA request is fulfilled (Control Number: DOI-BLM-2024-000747) (hereinafter, "ORC and ORP Deaths Request").

5.    Fourth, on March 10, 2025, Friends of Animals submitted a FOIA request to BLM for copies of documents and records held by BLM from certain dates specified through the date the FOIA request is fulfilled relating to: (1) the Twin Peaks Herd Management Area (HMA), and (2) BLM's October 2024 roundup and removal of wild horses and burros in the Twin Peaks HMA (Control Number: DOI-2025-004555) (hereinafter, "Twin Peaks 2024 Roundup Request").

6.    As of the date of this Complaint, BLM has not provided full responses to the ORC Pollution and Incidents Request, Twin Peaks 2024 DNA Request, ORC and ORP Deaths Request, or Twin Peaks 2024 Roundup Request.

7.      As of the date of this Complaint, BLM has ceased producing records in response to the ORC Pollution and Incidents Request, Twin Peaks 2024 DNA Request, ORC and ORP Deaths Request, and Twin Peaks 2024 Roundup Request. BLM has also ceased all communication with Friends of Animals regarding these requests.

8.      BLM is unlawfully withholding public disclosure of information that Friends of Animals is entitled to receive under FOIA. BLM failed to comply with the statutory mandates and deadlines imposed by FOIA by failing to conduct an adequate search, failing to make a determination, and failing to provide documents resolving Friends of Animals' Requests within the time required by law. Accordingly, Friends of Animals seeks declaratory relief establishing that BLM violated FOIA. Friends of Animals also seeks injunctive relief directing BLM to promptly perform an adequate search, render an adequate determination, and provide the requested material in response to the Requests.

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question). This Court also has jurisdiction pursuant to 28 U.S.C. § 1346, as the United States is a defendant.

10.      This Court has the authority to grant declaratory relief under 28 U.S.C. §§ 2201 *et seq.* (Declaratory Judgment Act) and injunctive relief under 5 U.S.C. § 552(a)(4)(B) (FOIA). An actual, justiciable controversy exists within the meaning of the Declaratory Judgment Act between Plaintiff and Defendant. This Court has jurisdiction, on receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

11.     Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in the District of Columbia. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(e), as Defendant BLM is a federal agency headquartered in Washington, D.C.

**PARTIES**

12.     Plaintiff, FRIENDS OF ANIMALS, is a non-profit international advocacy organization. Friends of Animals has thousands of members and is the requester of the records that BLM is now withholding.

13.     Friends of Animals seeks to free animals from cruelty and exploitation around the world, and to promote a respectful view of non-human, free-living, and domestic animals. Friends of Animals engages in a variety of advocacy programs in support of these goals. Friends of Animals informs its members about animal advocacy issues, and the organization's progress in addressing these issues, through its magazine, *Action Line*, its website, social media, and other reports. Friends of Animals has published articles and information advocating for the protection of wildlife species, including wild horses, so that they can live unfettered in their natural habitats. Friends of Animals regularly submits requests under FOIA to further its goals and mission. BLM's refusal to comply with FOIA injures Friends of Animals, its members, and its staff by depriving them of information they have a right to and by preventing them from using the requested information to advocate for their mission.

14.     Defendant, UNITED STATES BUREAU OF LAND MANAGEMENT, is a federal agency within the Department of the Interior (DOI). BLM is responsible for fulfilling Plaintiff's Requests and complying with all federal laws.

4

## LEGAL FRAMEWORK: FREEDOM OF INFORMATION ACT

15.    FOIA was enacted "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, 89th Cong., 1st Sess., 3 (1965). As the Supreme Court has affirmed, "Congress believed that this philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning of a democratic society.'" *U.S. DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). Accordingly, "the basic purpose" of FOIA is "to open agency action to the light of public scrutiny." *U.S. DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772 (1989) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976)).

16.    FOIA carries a presumption of disclosure. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). Upon written request, FOIA requires agencies of the United States government to promptly disclose their records, unless the government can lawfully withhold the records from disclosure under one of nine specific exemptions in FOIA. 5 U.S.C. § 552(a)(3)(A). The burden is on the government—not the public—to justify why particular information may be withheld. *Ray*, 503 U.S. at 173.

17.    FOIA requires agencies to "determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of . . . such determination and the reasons therefor" and, in the case of an adverse determination, the right of such person to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i); *see also* 43 C.F.R. § 2.16(a).

18.     The 20-business-day period commences on the date which the request is first received by the appropriate component of the agency, "but in any event not later than ten days after the request is first received by any component of the agency" that is designated in the agency's regulations to receive requests under FOIA. 5 U.S.C. § 552(a)(6).

19.     In determining whether to comply with an initial request, an agency must first gather and review the requested documents. *Citizens for Responsibility & Ethics in Wash. v. Federal Election Com'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

20.     Then, the agency making the determination "must determine whether to comply with a request—that is, whether a requester will receive all the documents the requester seeks. It is not enough that, within the relevant time period, the agency simply decides to later decide." *Id.* at 186.

21.     If the agency determines the records are not exempt from public disclosure and the agency decides to comply with the request, the records shall be made "promptly available." 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(C).

22.     In making any records available the agency must "provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." 5 U.S.C. § 552(a)(3)(B).

23.     Within the relevant time period, the agency must notify the requester of the scope of the documents that the agency will produce, the scope of the documents that the agency plans to withhold under any FOIA exemptions, the reasons for any withholdings, and of the requester's right to appeal to the head of the agency any adverse determination. *Id.* § 552(a)(6)(A)(i). "The requirement that the agency notify the requester about administrative appeal rights [] indicates that the 'determination' must be substantive, not

6

just a statement of a future intent to produce non-exempt responsive documents." *Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 186.

24.     Congress set forth the circumstances in which federal agencies may take longer than 20 business days to make the initial determination. The agency may toll the 20-business-day deadline for up to ten additional business days if the agency is waiting for information that it has reasonably requested from the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I). The agency may also toll the 20-business-day deadline for up to ten additional business days if it needs to clarify with the requester any issues regarding fee assessment. *Id.* § 552(a)(6)(A)(ii)(II).

25.     If the agency faces "unusual circumstances," the agency may extend the 20-business-day deadline. However, the agency may only extend the deadline if it sets forth in writing "the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). No extension may exceed ten business days unless the agency: (1) provides written notice to the requester explaining the "unusual circumstances" requiring an extension; (2) establishes the date on which the agency expects to make the determination; and (3) gives the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* §§ 552(a)(6)(B)(i)-(ii); *see also* 43 C.F.R. § 2.19(a).

26.     FOIA defines "unusual circumstances" as "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request[,]" or "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a

7

single request," or "the need for consultations . . . with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

27.    The DOI's FOIA regulations provide for four "processing tracks" based on the number of workdays needed to process the request. 43 C.F.R. § 2.15(c). However, the use of multi-track processing "does not alter the statutory deadline for a bureau to determine whether to comply" with a FOIA request. *Id.* § 2.15(f). A bureau is "any major component of the Department administering its own FOIA program," a definition that includes BLM. *Id.* § 2.70.

28.    The DOI's FOIA regulations provide that if the processing time will extend beyond a total of 30 workdays, the bureau will give the requester a chance to modify the request or agree to an alternative time period for processing and make available the DOI's FOIA Public Liaison to assist in resolving any disputes between the requester and the bureau. *Id.* § 2.19(b). If the bureau extends the time limit and does not offer the requester an adequate response during that time period, the requester "may consider the request denied." *Id.* § 2.19(c).

29.    An untimely determination is a violation of FOIA, regardless of the final outcome of the request. *See Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1188 (N.D. Cal. 1998); *Or. Nat. Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006).

30.    If the agency fails to complete its response to a request within 20 workdays, the requester is deemed to have constructively exhausted administrative remedies and may seek judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

31.     Additionally, if the agency fails to comply with the statutory time limit, it cannot charge the requester for the costs incurred in searching for or duplicating the requested documents unless unusual or exceptional circumstances apply. *Id.* § 552(a)(4)(A)(viii).

32.     When a party files an administrative appeal, the agency must respond to the appeal within twenty workdays. 5 U.S.C. § 552(a)(6)(A)(ii); 43 C.F.R. § 2.62.

33.     If the agency is unable to reach a decision on the appeal within 20 workdays the appropriate deciding official for FOIA appeals must notify the requestor of their statutory right to seek review in a United States District Court. 43 C.F.R. § 2.62.

34.     United States district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C § 552(a)(4)(B).

**FACTUAL BACKGROUND**

**A.  ORC Pollution and Incidents Request**

35.     Friends of Animals submitted the ORC Pollution and Incidents Request to BLM via foia.gov on February 3, 2024.

36.     Friends of Animals requested copies of documents and records held by BLM relating to National Pollutant Discharge Elimination System (NPDES), discharges, and incidents from off-range wild horse and burro corrals.

37.     Specifically, Friends of Animals requested all documents and records in BLM's possession, whether received, created, and/or distributed by BLM, including, but not limited to: (1) All final NPDES permits and Nutrient Management Plans for all off-range corrals, including closed off-range corrals; (2) All NPDES permit applications submitted by

off-range corrals, including applications submitted by off-range corrals that are closed; (3) All records including emails regarding discharges or pollution from off-range corrals, including closed off-range corrals; and (4) All incident reports, complaints, and investigations of all off-range corrals, including closed off-range corrals.

38.    On February 23, 2024, Friends of Animals received an email from doi_foia_tech@sol.doi.gov assigning the ORC Pollution and Incidents Request control number DOI-BLM-2024-000420. Friends of Animals received a second email on February 23, 2024 from doi_foia_teac@sol.doi.gov stating that the status of the ORC Pollution and Incidents Request had been updated to "Received."

39.    On February 26, 2024, Friends of Animals received an email from BLM_WO_FOIA@blm.gov stating that the OCR Pollution and Incidents Request was received in their office on February 23, 2024. The email also indicated that the request falls into the complex track meaning the request "can be processed in twenty-one to sixty workdays."

40.    The 20-day deadline for BLM to complete the ORC Pollution and Incidents Request passed on March 22, 2024.

41.    On April 30, 2024, Friends of Animals emailed BLM_WO_FOIA@blm.gov to request an update on the status of the ORC Pollution and Incidents Request and to ask when BLM intends to complete its response. BLM replied that it may have questions regarding certain items in the request.

42.    On May 6, 2024, BLM emailed Friends of Animals to request clarification regarding several items in the FOIA request. Specifically, BLM asked whether the request for incidents, reports, complaints, and investigations was limited to matters involving

10

NPDES permits, Concentrated Animal Feeding Operations (CAFOs), and Nutrient Management Plans, or whether it also encompassed other issues such as broken gates, fencing problems, or lack of food, water, or other miscellaneous concerns. BLM further stated that for contractor-operated ORCs, contractors are responsible for obtaining any required state permits, that such records would be held by the state as public records, and that BLM has "no record of any permits." For BLM-owned ORCs, BLM indicated that each state lead should have a copy of any required permits, but that the underlying records are maintained as state public records.

43.     The next day, on May 7, 2024, Friends of Animals clarified that its request encompasses all incident reports, complaints, and investigations for all off-range corrals—including closed facilities—and includes issues such as broken gates, fencing, lack of food or water, and other miscellaneous concerns. Friends of Animals clarified that the request is not limited to matters involving NPDES permits, CAFOs, or Nutrient Management Plans. Friends of Animals also asked BLM to confirm whether its records contain any NPDES CAFO permits or Nutrient Management Plans for ORCs and requested an estimated date for receiving a response. BLM replied that the inquiry would be forwarded to the program office.

44.     On August 19, 2024, Friends of Animals received an email from BLM asking if Friends of Animals was still interested in receiving records in response to the ORC Pollution and Incidents Request and stating that if they do not receive a response within 30 business days BLM will assume Friends of Animals is no longer interested in pursuing this request and will administratively close it.

45.     The next day, on August 20, 2024, Friends of Animals responded to the August 19 email and reiterated its interest in receiving records responsive to the ORC Pollution and Incidents Request and asked BLM for an anticipated completion date. BLM did not respond.

46.     On August 26, 2024, Friends of Animals asked BLM to confirm receipt of its August 20 email reiterating its continued interest in records responsive to the ORC Pollution and Incidents Request. BLM did not respond.

47.     On October 15, 2024, Friends of Animals emailed BLM asking for an anticipated completion date for the ORC Pollution and Incidents Request. BLM did not respond.

48.     On October 24, 2024, Friends of Animals emailed BLM again, summarizing the prior communications, noting that the response to the ORC Pollution and Incidents Request was past due, and explaining that BLM had stopped responding to follow-up inquiries. Friends of Animals also requested a completion date and stated its intent to initiate litigation if BLM did not respond. BLM did not respond.

49.     On March 10, 2025, Friends of Animals emailed BLM again and cc'd BLM's FOIA Officer, Ryan Witt (rwitt@blm.gov). Friends of Animals summarized the prior communications, noting that the response to the ORC Pollution and Incidents Request was past due, and explaining that BLM had stopped responding to follow-up inquiries. Friends of Animals also requested a completion date and stated its intent to initiate litigation if BLM did not respond.

50.     That same day on March 10, 2025, BLM responded stating that it will send this status update to the BLM State office, who asked for clarification. BLM told Friends of Animals to let them know if it does not receive an update on a production schedule.

51.     On May 19, 2025, Friends of Animals emailed BLM again and cc'd BLM's FOIA Officer, Ryan Witt (rwitt@blm.gov). Friends of Animals summarized the prior communications, noted that the response to the ORC Pollution and Incidents Request was past due, and explained that BLM had stopped responding to follow-up inquiries. Friends of Animals also requested a completion date and stated its intent to initiate litigation if BLM did not respond.

52.     On May 19, 2025, BLM's Washington office responded to Friends of Animals' email while cc'ing Ryan Witt and stated that they "have again tasked the State office." Friends of Animals responded and requested a completion date. BLM's Washington office stated that if BLM's State office does not respond, then it "will elevate this problem." BLM stated that the delayed response was due to "all that is going on with staffing in 2025."

53.     Upon information and belief, as of the date of this Complaint, BLM has not conducted a search for records responsive to the ORC Pollution and Incidents Request.

54.     As of the date of this Complaint, Friends of Animals has not received any additional correspondence from BLM regarding an estimated completion date, nor has it received any documents responsive to the ORC Pollution and Incidents Request. BLM has never (a) informed Friends of Animals of the scope of the documents it plans to produce and withhold, or the basis for projected withholdings with respect to this request; (b) informed Friends of Animals of its appeal rights; (c) provided notice stating the date on

13

which a determination was expected to be dispatched; or (d) requested a modified deadline for producing the records or making the required determination.

### B. Twin Peaks 2024 DNA Request

55. Friends of Animals submitted the Twin Peaks 2024 DNA Request to BLM via foia.gov on May 14, 2024.

56. Friends of Animals requested copies of documents and records held by BLM from November 19, 2019 through the date the FOIA request is fulfilled relating to the Twin Peaks Heard Management Area (HMA) and BLM's April 18, 2024 Determination of NEPA Adequacy (DNA) and Decision Record for the Twin Peaks Wild Horse and Burro Gather Plan (DOI-BLM-CA-N050-2024-0009-DNA).

57. Specifically, Friends of Animals requested documents and records in BLM's possession, whether received, created, and/or distributed by BLM, including, but not limited to: (1) The population of wild horses and burros in the Twin Peaks HMA; (2) BLM's 2024 decision to issue a DNA and Decision Record authorizing removal of wild horses from the Twin Peaks HMA; (3) All documents relating to the 2022 gather in the Twin Peaks HMA, including documents relating to and lists of animals: that BLM rounded up and removed from the HMA, that were treated with fertility control, that were returned to the HMA, that died during the roundup, and that were transported to an off-range corral or an off-range pasture; (4) All rangeland health assessments, monitoring of rangeland health, or any other discussion of rangeland health in the Twin Peaks HMA; (5) All grazing allotments located in the Twin Peaks HMA, including the numbers of animals grazing in these

14

allotments, rangeland health of these allotments, grazing permits, and animal unit months; (6) All studies regarding wild horses or wild burros; (7) All documents regarding deaths of wild horses and burros at off-range corrals that were gathered from the Twin Peaks HMA; (8) All other documents relating to the Twin Peaks HMA.

58.     On May 14, 2024, Friends of Animals received an email from noreply@ains.com assigning the Twin Peaks 2024 DNA Request control number DOI-BLM-2024-000746. Friends of Animals received a second email on May 14, 2024 from noreply@ains.com stating that the status of the Twin Peaks 2024 DNA Request had been updated to "Received."

59.     On June 11, 2024, Friends of Animals received an email from BLM_CA_FOIA@blm.gov with an attached letter regarding the Twin Peaks 2024 DNA Request. The letter was from BLM Support Services Deputy State Director Daniel Fierro stating that the Twin Peaks 2024 DNA Request was forwarded to the BLM California State Office for processing on June 4, 2024. The letter also indicated that BLM was reviewing the request to determine the appropriate processing track. The letter indicated that BLM believed that the request fell into either the complex track meaning the request "would generally take twenty-one to sixty workdays to process" or the "Extraordinary tack" meaning the request "would generally take more than sixty workdays to process." BLM said it would take a 10-workday extension under 43 C.F.R. § 2.19 and that it "will dispatch a determination to [Friends of Animals] by June 26, 2024."

60.     The 20-day deadline for BLM to complete the Twin Peaks 2024 DNA Request passed on June 12, 2024.

61.     BLM did not dispatch a determination to Friends of Animals by June 26, 2024, as it indicated it would do in it June 11, 2024 letter.

62.     On July 2, 2024, Friends of Animals received an email from BLM and a letter from Daniel Fierro stating that the Twin Peaks 2024 DNA Request had been placed in the complex processing track. BLM estimated that it would begin producing responsive records by August 9, 2024, with an anticipated completion date of October 11, 2024. BLM also sought clarification as to whether Friends of Animals' request for "all other documents relating to the Twin Peaks HMA" was intended to encompass documents related to the DNA and Decision Record that were not specifically identified in items 1 through 7. Additionally, BLM advised that Friends of Animals could narrow the scope of the request to obtain faster processing in the currently assigned track or move the request to a different processing track.

63.     The following day, on July 3, 2024, Friends of Animals responded to the email, clarifying that it requested "all documents relating to the Twin Peaks HMA." Friends of Animals also requested that BLM prioritize and produce first all documents related to the 2024 DNA and Decision Record. Friends of Animals stated that, after reviewing those materials, it would re-evaluate whether to narrow the scope of the request.

64.     Friends of Animals obtained some, but not all, documents related to the Twin Peaks 2024 DNA through separate litigation involving the Twin Peaks HMA. Those documents were not produced by the FOIA office.

65.     On August 20, 2024, Friends of Animals emailed BLM noting that, in its July 2, 2024 letter, BLM had stated it would begin producing responsive records on August 9, 2024, but that Friends of Animals had not received any responsive records from the FOIA

16

office. Friends of Animals acknowledged receiving some documents responsive to the request through the separate litigation; however, BLM did not provide all of the requested records at that time. Friends of Animals also asked BLM when it intended to produce the remaining responsive records.

66.    BLM responded that the California BLM office was experiencing a backlog of FOIA requests. BLM stated that it intended to produce responsive records and intended to begin in August 2024 by identifying materials requiring minimal FOIA review. BLM further suggested that the documents Friends of Animals received outside the FOIA process may have been included in that initial set. BLM indicated it would provide a status update within two weeks. BLM did not contact Friends of Animals within the promised timeframe or provide a status update.

67.    On September 26, 2024, Friends of Animals emailed BLM seeking an update on the Twin Peaks 2024 DNA Request, advising that BLM had not produced any records in response to the request, and inquiring about the expected completion date. BLM did not respond.

68.    On October 10, 2024, Friends of Animals emailed BLM again requesting a status update on the Twin Peaks 2024 DNA Request. Friends of Animals noted that the request had been submitted on May 14, 2024, and that, in the July 2, 2024 letter, BLM had estimated it could begin producing responsive records by August 9, 2024, with an estimated completion date of October 11, 2024. Friends of Animals stated that it had not received any records responsive to the request and asked when it could expect production. BLM did not respond.

69.     On October 24, 2024, Friends of Animals sent BLM an email summarizing the prior communications, noting that the response to the Twin Peaks 2024 DNA Request was past due, and explaining that BLM had stopped responding to follow-up inquiries. Friends of Animals also requested a completion date and stated its intent to initiate litigation if BLM did not respond.

70.     On October 29, 2024, BLM emailed Friends of Animals stating that it had an interim response letter under review and was actively reviewing additional records.

71.     On November 1, 2024, BLM issued an interim response producing 33 pages, 17 image files, and one video file. BLM stated that it was continuing to review additional responsive records and would provide further interim responses at approximately two-week intervals.

72.     BLM did not provide interim responses at two-week intervals. After receiving no additional documents, on March 10, 2025, Friends of Animals emailed BLM to request an updated estimated completion date.

73.     On March 11, 2025, BLM emailed Friends of Animals acknowledging the slow progress in processing the request. BLM stated that the estimated final completion date was July 31, 2025. After a preliminary review of the remaining records, BLM anticipated two additional interim releases within the next two to four weeks, with a possible final completion in May 2025.

74.     On March 26, 2025, BLM sent Friends of Animals a second interim response, stating that it had processed 15 pages of responsive records including 7 pages released in full and 8 pages released with redactions pursuant to FOIA Exemption 6. BLM stated that

18

additional records remain under review, and BLM will continue to provide interim responses when practicable.

75.     On May 19, 2025, Friends of Animals emailed BLM inquiring about an estimated completion date. BLM did not respond.

76.     Upon information and belief, as of the date of this Complaint, BLM has not conducted any additional search for records responsive to the Twin Peaks 2024 DNA Request after providing the second interim release.

77.     As of the date of this Complaint, Friends of Animals has not received any additional correspondence from BLM regarding an estimated completion date, nor has it received any additional documents responsive to the Twin Peaks 2024 DNA Request. BLM has never (a) informed Friends of Animals of the scope of the documents it plans to produce and withhold, or the basis for projected withholdings with respect to this request; (b) informed Friends of Animals of its appeal rights; or (c) requested an additional modified deadline for producing the records or making the required determination.

## C. ORC and ORP Deaths  Request

78.     Friends of Animals submitted the ORC and ORP Deaths Request via foia.gov on May 14, 2024.

79.     Friends of Animals requested copies of documents and records held by BLM relating to wild horse and burro deaths at off-range corrals (ORCs) and off-range pastures (ORPs). Friends of Animals requests all responsive records from March 1, 2023, through the date that the FOIA request is fulfilled.

80.     Specifically, Friends of Animals requested all records in BLM's possession whether received, created, and/or distributed by BLM, including, but not limited to: (1)

Death records of any wild horse and burro that dies or is euthanized in ORCs and ORPs including (a) circumstances, (b) freeze brand ID if present, (c) a description of the age, sex, color of the animal, and (d) the reason the animal died or was euthanized. Friends of Animals requested that BLM provide this information in its native format.; (2) All internal BLM records and communications regarding deaths of wild horses and burros on ORPs and ORCs; (3) All records and communications between BLM and third parties regarding deaths of wild horses and burros at ORCs and ORPs.

81. On May 14, 2024, Friends of Animals received an email from noreply@ains.com assigning the ORC & ORP Deaths Request control number DOI-BLM-2024-000747. Friends of Animals received a second email on May 14, 2024 from noreply@ains.com stating that the status of the ORC & ORP Deaths Request had been updated to "Received."

82. On June 4, 2024, Friends of Animals received an email from BLM_WO_FOIA@blm.gov stating that the Wyoming office received the ORC and ORP Deaths Request on June 4, 2024. BLM stated the ORC and ORP Deaths request fell into the complex meaning it "can be processed in twenty-one to sixty workdays."

83. The 20-day deadline for BLM to complete the ORC & ORP Deaths Request passed on June 12, 2024.

84. On August 19, 2024, Friends of Animals received an email from BLM asking if Friends of Animals was still interested in receiving records in response to the ORC and ORP Deaths Request and stating that if they do not receive a response within 30 business days BLM will assume Friends of Animals is no longer interested in pursuing this request and will administratively close it.

85.    On the following day, August 20, 2024, Friends of Animals responded to the August 19 email and reiterated its interest in receiving records responsive to the ORC and ORP Deaths Request and asked BLM for an anticipated completion date. BLM did not respond.

86.    On August 26, 2024, Friends of Animals asked BLM to confirm receipt of its August 20 email reiterating its continued interest in records responsive to the ORC and ORP Deaths Request. BLM did not respond.

87.    On October 15, 2024, Friends of Animals emailed BLM asking for an anticipated completion date. BLM did not respond.

88.    On October 24, 2024, Friends of Animals emailed BLM again, summarizing the prior communications, noting that the response to the ORC and ORP Deaths Request was past due, and explaining that BLM had stopped responding to follow-up inquiries. Friends of Animals also requested a completion date and stated its intent to initiate litigation if BLM did not respond. BLM did not respond.

89.    On February 5, 2025, BLM sent Friends of Animals a final response to the ORC and ORP Deaths Request. However, the response was incomplete and provided in PDF format rather than the native Excel spreadsheet format requested by Friends of Animals. The accompanying letter acknowledged Friends of Animals' right to file an appeal within 90 workdays.

90.    The final response letter claimed that BLM was providing Friends of Animals with a "spreadsheet with death records and all related communication at off-range corrals and pastures for the desired timeframe requested." However, the response only included an incomplete PDF of an Excel spreadsheet and no related communications.

91.     On February 5, 2025, Friends of Animals emailed BLM to inform them that the PDF provided was incomplete and did not include all requested information, such as the facility where the animals were located at the time of death. Friends of Animals requested that the complete death records be provided in their full form and in an Excel file format. BLM did not respond.

92.     On February 13, 2025, Friends of Animals sent a follow-up email to BLM requesting the complete death records in their full form and in Excel file format.

93.     On February 13, 2025, BLM responded, stating that the documents provided were the full Excel version converted to PDF format.

94.     On February 13, 2025, Friends of Animals responded to BLM and stated that the document provided included the following fields: (1) Freezemark Tempid; (2) Signalment Key; (3) Chip Number; (4) Location Type; (5) Death Date; (6) Cause of Death; (7) Manner of Death; and (8) Death Note.

95.     However, in prior requests for similar information, Friends of Animals received an Excel spreadsheet that also contained: (1) Age; (2) Color; (3) Species; (4) Death Location Type; and (5) Location Name. Friends of Animals told BLM that this additional information was missing from the PDF document that BLM provided. Friends of Animals asked BLM whether it is withholding this information under a FOIA exemption.

96.     On February 13, 2025, BLM responded to Friends of Animals, stating, "[l]et me check and get back to you." However, BLM did not provide any further response.

97.     Through a prior FOIA request, BLM provided Friends of Animals' with ORC and ORP death records that included the following information (1) Freezemark Tempid; (2) Age; (3) Gender; (4) Color; (5) Species; (6) Death Date; (7) Death Location Type; (8)

22

Location Name; (9) Cause of Death; (10) Manner of Death; and (11) Death Note. BLM provided this information to Friends of Animals in its native Excel spreadsheet format.

98.    BLM never stated that they stopped their policy and practice of keeping this type of information or explained why this information was no longer included in their response.

99.    BLM's comprehensive animal welfare program handbook for ORCs and ORPs requires that all deaths of wild horses and burros be documented. For each death, ORCs and ORPs must submit a record to BLM's Wild Horse and Burro Program System database including "the circumstances, freeze brand ID if present, a description of the age, sex, color of the animal and the reason the animal was euthanized."

100.    On February 20, 2025, Friends of Animals followed up with BLM, requesting the complete version of the document in native Excel spreadsheet format. BLM did not respond.

101.    On March 10, 2025, Friends of Animals emailed BLM to inquire whether BLM was withholding the missing FOIA information under a FOIA exemption.

102.    On March 10, 2025, BLM responded that it had sent a note to its program team following up on Friends of Animals' inquiry about the additional information. BLM requested that Friends of Animals allow time for a response and assured that it would follow up soon regardless of the outcome. BLM also noted that, since it was a flex day for many staff members, they wanted to provide sufficient time for those out of the office to return and respond, asking for 24 hours to do so.

103.    Later that day, March 10, 2025, Friends of Animals responded, expressing hope to receive an update by the end of the week.

104.    On March 10, 2025, BLM replied, stating it was "sure we will have an answer by then, if not before." However, BLM did not provide any further updates.

105.    On March 31, 2025, Friends of Animals emailed BLM requesting an update and telling BLM that it intends to file a FOIA appeal if a response is not received promptly.

106.    On March 31, 2025, BLM responded that it was experiencing a backlog of FOIA requests, which had affected its ability to process new requests and to respond to inquiries regarding prior or closed requests in a timely manner. BLM also provided links to webpages concerning adoption and sale freeze marks. With respect to the requests for internal BLM records and communications, as well as communications between BLM and third parties regarding the deaths of wild horses and burros on ORPs and ORCs, BLM stated that it was "still working on trying to obtain additional information to satisfy [Friends of Animals'] inquiry" and that its initial search "did not locate any responsive records."

107.    The website links that BLM provided are irrelevant to Friends of Animals' ORC and ORP Deaths Request.

108.    On April 2, 2025, Friends of Animals explained to BLM that this issue is that the following information is missing from the document: (1) Age; (2) Color; (3) Species; (4) Death Location Type; (5) Location Name. Friends of Animals again asked BLM whether it was withholding this information under a FOIA exemption. Friend of Animals also asked BLM to provide this information in its native Excel spreadsheet form. BLM did not respond to this.

109.    On May 6, 2025, Friends of Animals filed a timely appeal. The appeal included all information required for a FOIA appeal.

110.    On May 9, 2025, BLM emailed Friends of Animals. This email was unrelated to the appeal. In the email, BLM referenced its March 31, 2025 correspondence and website links and inquired whether the information provided was helpful. BLM also stated that, with respect to the requests for internal BLM records and communications, as well as communications between BLM and third parties regarding the deaths of wild horses and burros on ORPs and ORCs, "its program research team had conducted a thorough search but found no additional information to provide."

111.    BLM never sent an official appealable response regarding the requests for internal BLM records and communications, as well as communications between BLM and third parties regarding the deaths of wild horses and burros on ORPs and ORCs.

112.    On May 9, 2025, Friends of Animals responded to BLM's email stating that the information provided by BLM in the March 31, 2025 email was entirely irrelevant to the issues with BLM's response to the ORC and ORP Deaths Request. Friends of Animals reiterated that the following information remains missing from the documents: (1) Age; (2) Color; (3) Species; (4) Death Location Type; and (5) Location Name. Friends of Animals attached a prior FOIA response from BLM containing this information in its native Excel spreadsheet format. Friends of Animals emphasized that BLM has failed to provide the missing data or supply the records in the requested native Excel format, noting that a PDF copy is unacceptable. Friends of Animals also stated that BLM had not indicated that this information is being withheld under a FOIA exemption. BLM never responded to this email.

113.    As of the date of this Complaint, BLM never responded to Friends of Animals FOIA appeal.

114.    BLM's response to the FOIA appeal was past due on June 4, 2025.

25

115.   Upon information and belief, as of the date of this Complaint, BLM has not adequately searched for records responsive to the ORC and ORP Deaths Request.

116.   As of the date of this Complaint, Friends of Animals has not received any additional correspondence from BLM regarding the ORC and ORP Deaths Request. Nor has BLM provided Friends of Animals with the missing information or provided the PDF in its native Excel spreadsheet format. BLM has never (a) informed Friends of Animals of the scope of the documents it plans to produce and withhold, or the basis for projected withholdings with respect to this request, (b) informed Friends of Animals of its appeal rights in regard to the requests for internal BLM records and communications, as well as communications between BLM and third parties regarding the deaths of wild horses and burros on ORPs and ORCs, (c) requested a modified deadline for producing the records or making the required determination, or (d) responded to Friends of Animals appeal.

### D.  Twin Peaks 2024 Roundup Request

117.   Friends of Animals submitted the Wild Horse Removal Request via foia.gov on March 10, 2025.

118.   Friends of Animals requested copies of documents and records held by BLM from certain dates specified through the date the FOIA request is fulfilled relating to: (1) the Twin Peaks Herd Management Area (HMA), and (2) BLM's October 2024 roundup and removal of wild horses and burros in the Twin Peaks HMA.

119.   Specifically, Friends of Animals requested all documents and records from May 14, 2024 through the date the FOIA request is fulfilled (unless otherwise specified) regarding: (1) The population of wild horses and burros in the Twin Peaks HMA; (2) All documents relating to the 2024 roundup in the Twin Peaks HMA, including lists of animals

that died during the roundup and that BLM rounded up and removed from the HMA, treated with fertility control, returned to the HMA, and transported to an off-range corral or an off-range pasture; (3) All rangeland health assessments in the Twin Peaks HMA and related documents; (4) All grazing allotments located in the Twin Peaks HMA and related documents; (5) Compliance checks in the grazing allotments from January 1, 2019 to the date this FOIA request is fulfilled; (6) All studies regarding wild horses or wild burros; (7) Documents regarding the genetic diversity of wild horses and burros in the Twin Peaks HMA; (8) All documents in BLM's possession regardless of date that discuss or show fences and exclosures in the Twin Peaks HMA, including maps; (9) All maps in BLM's possession regardless of date of all riparian and wetland areas in the Twin Peaks HMA; (10) All documents regarding deaths of wild horses and burros at off-range corrals that were gathered from the Twin Peaks HMA; and (11) All other documents relating to the 2024 Twin Peaks HMA roundup.

120. On March 10, 2025, Friends of Animals received an email from noreply@ains.com informing Friends of Animals that the Twin Peaks Roundup Request had been received and assigning it control number DOI-2024-004555.

121. BLM did not assign Friends of Animals a specific point of contact for this FOIA request. But the March 10 email generally directed Friends of Animals to contact the bureau at https://www.doi.gov/foia/contacts for any further correspondence. The website listed blm_wo_foia@blm.gov as the general BLM FOIA contact.

122. The 20-day deadline for BLM to complete the Twin Peaks 2024 Roundup Request passed on April 7, 2025.

27

123.    On April 29, 2026, Friends of Animals emailed blm_wo_foia@blm.gov to request an update on the status of the Twin Peaks 2024 Roundup Request and to ask when BLM intends to complete its response. BLM did not respond.

124.    Upon information and belief, as of the date of this Complaint, BLM has not conducted a search for records responsive to the Twin Peaks 2024 Roundup Request.

125.    As of the date of this Complaint, Friends of Animals has not received any correspondence from BLM regarding a FOIA contact or estimated completion date, nor has it received any documents regarding the Twin Peaks 2024 Roundup Request. BLM has never (a) informed Friends of Animals of the scope of the documents it plans to produce and withhold, or the basis for projected withholdings with respect to this request, (b) assigned Friends of Animals a FOIA contact, (c) informed Friends of Animals of its appeal rights, (d) stated whether Friends of Animals' request for a fee waiver has been granted, or (e) requested a modified deadline for producing the records or making the required determination.

126.    BLM violated FOIA by failing to make timely decisions on the ORC Pollution and Incidents Request, Twin Peaks 2024 DNA Request, ORC and ORP Deaths Request, and Twin Peaks 2024 Roundup Request. BLM has offered no reasonable explanation for its delay in responding to the Requests, and it has failed to provide a specific date for when it will comply with its obligations under FOIA.

127.    BLM has never made the legally required determination on Friends of Animals' Requests and has not produced full responses to the Requests. BLM is unlawfully withholding public disclosure of information sought by Friends of Animals, information

which Friends of Animals is entitled to receive, and for which BLM has not provided any valid disclosure exemption. Consequently, BLM has violated FOIA.

**FIRST CAUSE OF ACTION**

**Violation of the Freedom of Information Act—Failure to make a timely and adequate determination.**

128. Friends of Animals realleges and herein incorporates all information and allegations contained in the preceding paragraphs.

129. Through the ORC Pollution and Incidents Request, Twin Peaks 2024 DNA Request, ORC and ORP Deaths Request, and Twin Peaks 2024 Roundup Request, Friends of Animals properly requested records within the control of BLM on February 23, 2024; May 14, 2024; and March 10, 2025.

130. Friends of Animals has a statutory right under FOIA to receive a determination from BLM, as well as to receive the underlying records that it seeks.

131. BLM has failed to make an adequate and timely determination with respect to the ORC Pollution and Incidents Request, Twin Peaks 2024 DNA Request, ORC and ORP Deaths Request, and Twin Peaks 2024 Roundup Request because BLM failed to make an adequate determination in the time required by law. 5 U.S.C. § 552(a)(6)(A)(i).

132. As of the date of this complaint, over two years have passed since the statutory deadline for the BLM to issue a final determination for the ORC Pollution and Incidents Request, the Twin Peaks 2024 DNA Request, and the ORC and ORP Deaths Request, and over a year has passed since the statutory deadline for BLM to issue a final determination in the Twin Peaks 2024 Roundup Request. Yet, BLM has failed to issue any such determinations.

133.    BLM has failed to gather all responsive records and inform Friends of Animals whether it intends to comply with the Requests or the reasons for which BLM is denying the Requests, the volume of records denied, and how Friends of Animals may appeal. 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.15(f).

134.    For the ORC Pollution and Incidents Request, Twin Peaks 2024 DNA Request, and the Twin Peaks 2024 Roundup Request, BLM violated FOIA because it failed to give Friends of Animals an estimated completion date by which Friends of Animals may expect to receive responsive records. 5 U.S.C. § 552(a)(7)(B)(ii).

135.    BLM's FOIA violations have deprived Friends of Animals of its right to receive public records, thereby injuring Friends of Animals' rights and interests.

136.    Friends of Animals has exhausted its administrative remedies with respect to the ORC Pollution and Incidents Request, Twin Peaks 2024 DNA Request, ORC and ORP Deaths Request, and Twin Peaks 2024 Roundup Request. 5 U.S.C. § 552(a)(6)(C).

137.    Friends of Animals is therefore entitled to declaratory and injunctive relief requiring BLM to promptly render an adequate determination on the ORC Pollution and Incidents Request, Twin Peaks 2024 DNA Request, ORC and ORP Deaths Request, and Twin Peaks 2024 Roundup Request, including an index justifying the withholding of any responsive records under a claim of exemption.

### SECOND  CAUSE OF ACTION
**Violation of the Freedom of Information Act—Failure to conduct an adequate search for responsive records.**

138.    Friends of Animals herein incorporates all information and allegations contained in the preceding paragraphs.

139.    Friends of Animals has a statutory right to have BLM process its FOIA Requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

140.    BLM violated Friends of Animals' rights and FOIA because it failed to perform an adequate search, reasonably calculated to discover the requested records for the ORC Pollution and Incidents Request, Twin Peaks 2024 DNA Request, ORC and ORP Deaths Request, and Twin Peaks 2024 Roundup Request. 5 U.S.C. § 552(a)(3)(A)-(D).

141.    BLM has failed to gather and review the requested documents to determine whether to respond to Friends of Animals' Requests.

142.    BLM's failure to conduct an adequate search for records responsive to Friends of Animals' FOIA Requests violates FOIA.

143.    BLM failed to conduct an adequate search for the ORC and ORP Deaths Request because its alleged final response omitted entire categories of information that BLM had previously produced to Friends of Animals in response to the same request for earlier years, indicating that its search was not reasonable.

144.    BLM's FOIA violations have deprived Friends of Animals of its right to receive public records, thereby injuring Friends of Animals' interests.

145.    Friends of Animals is therefore entitled to declaratory and injunctive relief stating that BLM violated FOIA and requiring BLM to promptly preform an adequate search, reasonably calculated to discover the records requested in the ORC Pollution and Incidents Request, Twin Peaks 2024 DNA Request, ORC and ORP Deaths Request, and Twin Peaks 2024 Roundup Request.

**THIRD CAUSE OF ACTION**
**Violation of the Freedom of Information Act—Improper withholding of records.**

146.    Friends of Animals realleges and herein incorporates all information and allegations contained in the preceding paragraphs.

147.    BLM has violated and continues to violate FOIA by failing to provide Friends of Animals with timely and full responses to the ORC Pollution and Incidents Request, Twin Peaks 2024 DNA Request, ORC and ORP Deaths Request, and Twin Peaks 2024 Roundup Request.

148.    Friends of Animals has a statutory right to the records sought and BLM has failed to allege any legal basis to assert that any of FOIA's nine disclosure exemptions apply to prevent their disclosure. 5 U.S.C. § 552(b)(1)-(9). BLM has failed to make responsive records promptly available, as required by FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

149.    BLM's failure to produce the records is therefore a constructive denial and unlawful withholding.

150.    BLM is improperly withholding records from Friends of Animals in violation of FOIA.

151.    BLM's improper withholding of public records to which Friends of Animals is entitled to injures Friends of Animals' rights and interests.

152.    As of the date of this Complaint, BLM has not provided all responsive documents or records related to the ORC Pollution and Incidents Request, Twin Peaks 2024 DNA Request, ORC and ORP Deaths Request, and Twin Peaks 2024 Roundup Request.

153.    Accordingly, Friends of Animals is entitled to injunctive and declaratory relief with respect to the release and disclosure of the records requested.

154.    Friends of Animals regularly makes requests under FOIA and will continue to make requests under FOIA. Unless BLM is enjoined and made subject to a declaration of

32

Friends of Animals' legal rights by this Court, BLM will continue to violate the rights of Friends of Animals to receive public records under FOIA.

## FOURTH CASE OF ACTION

### Violation of the Freedom of Information Act—Failure to respond to FOIA Appeal

155. Friends of Animals timely and properly appealed BLM's response to the ORC and ORP Deaths Request.

156. BLM failed to respond to the appeal within the statutorily required 20 workdays. 5 U.S.C. § 552(a)(6)(A)(ii); 43 C.F.R. § 2.62.

157. As of the date of this Complaint, BLM still has not responded to Friends of Animals' FOIA appeal.

158. BLM's failure to respond to Friends of Animals FOIA appeal within the statutory timelines is a violation of FOIA and BLM's implementing regulations.

## REQUEST FOR RELIEF

Friends of Animals respectfully requests that the Court enter judgment providing the following relief:

A. Declare that BLM violated FOIA by failing to provide Friends of Animals with timely and full responses to any or all of Friends of Animals' Requests, including failing to make timely determinations and produce all records requested, 5 U.S.C. § 553(a)(6);

B. Declare that BLM's failure to conduct an adequate search reasonably calculated to discover records responsive to any or all of Friends of Animals' Requests violated FOIA, 5 U.S.C. § 552(a)(3)(A)-(D);

C. Order BLM to process and immediately release all records responsive to Friends of Animals' ORC Pollution and Incidents Request, Twin Peaks 2024 DNA Request, ORC and ORP Deaths Request, and Twin Peaks 2024 Roundup Request at no cost to Friends of Animals, including any and all such records that would be responsive as of the date of such court order;

D. Enjoin BLM from continuing to withhold non-exempt records responsive to Friends of Animals' Requests;

33

E.   Retain jurisdiction of this action to ensure the processing of Friends of Animals' Requests, and to ensure that no agency records are wrongfully withheld;

F.   Award Friends of Animals its costs, including reasonable attorney fees and litigation costs in this action, pursuant to the FOIA, 5 U.S.C. § 552(a)(4)(E), and/or all other applicable authorities; and

G.   Grant Friends of Animals any other relief that the Court deems just and proper.

Dated: July 29, 2026                  Respectfully submitted,

*s/ Andreia Marcuccio*
Andreia Marcuccio (DC Bar # CO0098)

Friends of Animals
Wildlife Law Program
6041 S. Syracuse Way, Suite 250
Greenwood Village, CO 80111
Tel: (720) 945-9453
andreia@friendsofanimals.org

*Attorney for Plaintiff*

34